# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dale Allen Lindsey,<br><br>            Plaintiff,<br><br>v.<br><br>Kevin Moser, Becky Olson, Peter Puffer, Laurel Tobey, Gene Anderson, Charlie Hoffman, Sandi Schoenrock, Colleen Fallen, Heidi Menard, Vicki Myer, Jessica Ranem, Ronda White, Mike Zimmerman, Ken Stewart, Troy Basaraba, Tracy Gebhart, Cindy Cherro, Steve Lydon, and Kelli Miner,<br><br>            Defendants. | Case No. 15-cv-2091 (SRN/SER)<br><br>**ORDER** |

Dale Allen Lindsey, *pro se*, 1111 Hwy 73, Moose Lake, MN 55767, Plaintiff.

Jeffrey Weber, Minnesota Attorney General's Office, 445 Minnesota St., Ste. 1100, St. Paul, MN 55101, counsel for Defendant Kelli Miner.

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Plaintiff's Motion for Leave to Amend the Complaint ("Mot. to Amend") [Doc. No. 39]. Defendant Kelli Miner filed a timely Memorandum of Law in Opposition to Plaintiff's Motion to Amend ("Mem. in Opp.") [Doc. No. 41]. The Motion to Amend relates to the Report and Recommendation of Magistrate Judge Rau ("R & R") dated June 21, 2016 [Doc. No. 38]. For the reasons set forth below, the Motion to Amend is denied and the R & R is adopted in its entirety.

1

## I. BACKGROUND

Plaintiff Dale Lindsey ("Lindsey") is an individual civilly committed to the Minnesota Sex Offender Program ("MSOP") at its facility in Moose Lake. (See Compl. at 3[1] [Doc. No. 1].) Defendants are state-employees who work at or are otherwise associated with MSOP. (See id. at 4–9.) Lindsey filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 (specifically, racial discrimination), "stalking," and violations of "work policy/clinical mistreatment." (See id.) However, Lindsey's claims did not provide the requisite notice to the named defendants[2] and thus Magistrate Judge Rau ("Judge Rau") ordered him to file an amended complaint. (See Order dated May 19, 2015 [Doc. No. 3].) Specifically, Lindsey was instructed to "explain why he thinks his race was part of how the incidents unfolded[,]" and specify which defendant(s) was involved in each incident. (See id. at 2.)

Lindsey duly filed an amended complaint. (See First Am. Compl. [Doc. No 4].) His First Amended Complaint contained four claims.[3] First, Lindsey alleged certain defendants engaged in "defamation" and "harassment" when they disseminated false accusations that Lindsey was stalking or fixating on MSOP staff. (See id. at 2.[4]) Second, Lindsey claimed that various defendants unfairly stalked, harassed, and otherwise

---

[1] The Court refers to the page numbers of this document as assigned by ECF.

[2] Defendants Steve Lydon and Kelli Miner were not named as defendants in Lindsey's original Complaint.

[3] Again, Defendants Steve Lydon and Kelli Miner were not named in the First Amended Complaint.

[4] The Court refers to the page numbers of this document as assigned by ECF.

punished him, lied in their reports about him, failed to communicate with him, violated MSOP policies, treated white and black MSOP detainees differently with regards to punishment for rule infractions, and were generally biased towards him. (See id. at 2–3.) Third, Lindsey alleged that three defendants treated him differently following his altercations with two white MSOP detainees because of his race. (See id. at 4–5.) Fourth, Lindsey claimed that various defendants knew about the racial discrimination he alleges was occurring, yet did nothing to stop it, or filed false reports that it had not happened. (See id. at 6.) As a result of these alleged wrongs, Lindsey alleged that he suffered mental distress, defamation, embarrassment, job relocation and loss, harassment, abuse, fear, a "racially divided environment," and pain and suffering. (See generally First Am. Compl.)

Lindsey stated that his First Amended Complaint "incorporates" his original Complaint. (See id. at 1.) He also asked that his claims against Defendants Vicki Myer and Charlie Hoffman be "dropped" because there "isn't any evidence to support his claims on them." (Id. at 6.) Summonses were issued and most of the named defendants were "served" by "certified mail." (See Summonses Returned Executed [Doc. No. 9].)

Several months later, without the consent of the defendants or leave of the Court, Lindsey filed a Second Amended Complaint. (See Second Am. Compl. [Doc. No. 10].) Lindsey sought to add claims against Defendants Steve Lydon ("Lydon") and Kelli Miner ("Miner"). (See id.) Lindsey alleged that Lydon falsified a polygraph report and that Lindsey had "evidence that supports racial discrimination and deformation [sic] . . . and shows an extreme abuse of racial profiling of a polygraph examiner report." (See id. at

3

1.)   Lindsey claimed that Miner attempted to get another MSOP employee to file a false incident report on him, that he had "proof" of this fact, and that this conduct amounted to "discrimination toward [him] and [sic] character."  (See id. at 2.)  Summonses were issued to both Miner and Lydon.  (See Summonses [Doc. No. 12].)

In December of 2015, Judge Rau noted that no defendant had made an appearance in this matter or filed an answer to Lindsey's complaints.  (Order dated December 18, 2015 [Doc. No. 13].)  Judge Rau ordered Lindsey to notify the defendants that they had to appear or move for an extension, or to file for default judgment.  (Id.)  Lindsey duly moved for entry of default.  (Pl.'s Resp. [Doc. No. 14].)  Shortly thereafter, Assistant Attorney General Jeffrey Weber ("Weber"), who represents MSOP generally, filed a letter with Judge Rau notifying him that there had been no service attempted on some of the defendants and that the service attempted on the others did not comply with the Federal Rules of Civil Procedure.  (Weber's Ltr. to Mag. Judge dated January 11, 2016 [Doc. No. 16].)  Shortly thereafter, the summons for Miner was returned showing that she was personally served and Weber entered an appearance on her behalf.  (See Summonses Returned Executed [Doc. No. 18]; Notice of Appearance [Doc. No 19].)  Miner promptly moved to dismiss Lindsey's claims against her.  (See Mot. to Dismiss [Doc. No. 21].)  Sometime later, Lindsey again moved for default judgment.  (Mot. for Default J. [Doc. No. 33].)

### A.  Report and Recommendation

Considering the various motions before him, Judge Rau made clear that despite the general rule that an amended complaint supersedes an original complaint, and the fact

that Lindsey's Second Amended Complaint was not properly filed, he would read all three of Lindsey's complaints together. (See R & R at 5–7.) However, even this liberal approach could not save Lindsey's claims from dismissal. First, Judge Rau noted that Lindsey did not expressly assert his claims against the various defendants in their individual capacity, and thus those claims could only be construed as against the defendants in their official capacity. (See id. at 7–8.) Judge Rau held that claims for damages against state officials in their official capacity are really claims against the state and federal courts lack subject matter jurisdiction over such claims pursuant to the Eleventh Amendment. (See id. at 8–9.)

Second, Judge Rau held that to the extent Lindsey sought injunctive or declaratory relief, he failed to state a claim because he had not alleged that the State of Minnesota was the "moving force" behind the deprivation of his rights. (See id. at 9–11.) Third, because subject matter jurisdiction was lacking and Lindsey failed to state a claim, Judge Rau recommended that Miner's Motion to Dismiss be granted. (See id. at 12.) Finally, Judge Rau denied Lindsey's request to yet-again amend his complaint because Lindsey had not provided a proposed complaint, nor explained how his amendment would remedy the deficiencies in his three prior complaints. (See id.)

### B. Lindsey's Motion to Amend

Rather than file objections to the R & R, as allowed under D. Minn. L.R. 72.2(b)(1), Lindsey submitted his Motion to Amend. Four aspects of the Motion to Amend are notable. First, Lindsey states his desire "to only include the following Defendants: Kevin Moser, Becky Olson, Peter Puffer, Laurel Tobey, Gene Anderson,

5

Colleen Fallen, Heidi Mendard, Jessica Ranem, Ronda White, Ken Stewart, Steve Lydon, and Kelli Bodie-Miner." (Mot. to Amend at 1.) Second, Lindsey contends that "he will be able to prove what or what did not happen and the fact that the amended Defendants did or did not do [sic], in order to proceed with this case." (See id. at 3.) Third, Lindsey states that he will "stay away from" state law claims and will assert his § 1983 claims against the defendants in their individual and official capacities. (See id.) Fourth, Lindsey describes his willingness to "include a copy of the proposed amended complaint along with the Amended Complaint" if he is allowed to amend. (See id.) However, the Motion to Amend did not include a proposed complaint, nor did Lindsey elaborate on the factual bases for any of his claims.

## II.   DISCUSSION

### A.  Legal Standard

The Court must conduct a *de novo* review where specific objections are made to a magistrate judge's report and recommendation on a dispositive motion. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). This same *de novo* review standard applies to a magistrate judge's ruling on a motion to amend where that motion is denied because the amendment would be futile. Magee v. Trustees of the Hamline Univ., Minn., 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013), aff'd sub nom. Magee v. Trustees of Hamline Univ., Minn., 747 F.3d 532 (8th Cir. 2014). The R & R, recommending the dismissal of Lindsey's claims and denying Lindsey's request to amend his complaint, is subject to a *de novo* review.

### B. The Motion to Amend

Lindsey hopes to amend his complaint for a third time. (See generally Mot. to Amend.) Defendant Miner opposes any amendment, arguing that Lindsey has failed—yet again—to follow the procedural requirements for an amendment and that any amendment would be futile because Lindsey has failed to state a claim. (See Mem. in Opp. at 5–7.)

A party may amend its complaint once as a matter of course with certain parameters. Fed. R. Civ. P. 15(a)(1). Any subsequent amendment may only be had "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Local Rules require that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed pleading that shows . . . how the proposed pleading differs from the operative pleading." D. Minn. L.R. 15.1(b). All litigants, even those who are *pro se*, are required to follow the applicable procedural rules. See Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law . . . ."); Settlemire v. Watson, 877 F.2d 13, 14 (8th Cir. 1989) (dismissal of a *pro se* litigant's claims without prejudice is appropriate where the litigant failed to abide by procedural rules and the court's orders).

Lindsey amended his complaint pursuant to Rule 15(a)(1) when he filed his First Amended Complaint. Thereafter, he was required to obtain the defendants' consent, or the Court's leave, before filing any subsequent amendment. Lindsey was also required to submit a proposed amended complaint when seeking the Court's leave to amend. Despite

being aware of the procedural rules regarding amendment, (see Mot. to Amend at 1 (citing Fed. R. Civ. P. 15(a)(2) and D. Minn. L.R. 15.1)), Lindsey has consistently failed to abide by them. Lindsey did not seek the Court's leave before he filed his Second Amended Complaint. Nor did he provide a proposed complaint with his Motion to Amend. This alone warrants denying Lindsey's Motion to Amend and dismissing his claims. See Settlemire, 877 F.2d at 14; Abdi v. Garbisch, No. 12-cv-306 (JNE/JJG), 2013 WL 4829191, at *4 (D. Minn. Sept. 10, 2013) (dismissing a *pro se* litigant's claims without prejudice for failure to comply with the procedural rules). However, even considering the merits of Lindsey's Motion to Amend, it must be denied and his claims dismissed because his proposed amendment is futile.

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, where the proposed amendment is futile, it is properly denied. See Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013). Futility is where the proposed amended complaint "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . ." Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008). Put another way, where the proposed amendment fails to state a claim, it is futile and thus properly denied. U.S. ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 936 (8th Cir. 2001).

Lindsey's proposed amendments do not resolve the pleading deficiencies in his previous complaints, nor do they elaborate on the factual bases for his claims. Although Lindsey's proposal that he assert his § 1983 claims against the defendants in their

8

individual and official capacities might remedy certain subject matter jurisdiction issues, (see R & R at 7–9), this does not end the analysis. The larger problem is that Lindsey has not sufficiently alleged the basic elements of racial discrimination, that is: factually supported allegations that he was treated differently from others who were similarly situated on the basis of race and that the defendants acted against him with a discriminatory purpose. See Johnson v. City of Minneapolis, 152 F.3d 859, 862 (8th Cir. 1998) ("To state an equal protection claim, appellant must have established that he was treated differently from others similarly situated to him."); City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003) (holding that a claim for racial discrimination under the Equal Protection Clause of the Fourteenth Amendment requires proof of a racially discriminatory intent or purpose). Lindsey's conclusory allegation that the defendants' conduct in disciplining him amounted to racial discrimination is not enough. Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1015 (8th Cir. 2013) (upholding the dismissal of plaintiff's equal protection gender discrimination and stating, "[Plaintiff's] conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level.").

For many defendants, like Miner, Lindsey simply claims that their conduct "is a form of discrimination . . . ." (See Second Am. Compl. at 2.) This is not enough to sustain his claim(s) of racial discrimination. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (upholding the dismissal of a *pro se* prisoner's § 1983 claims and stating, "Although it is to be liberally construed, a *pro se* complaint must contain specific facts

9

supporting its conclusions."). Despite three opportunities to plead his claims with the required specificity, and Judge Rau's guidance that he "explain why he thinks his race was part of how the incidents unfolded," Lindsey has failed to do so. See <u>Brazdo v. Illinois Dep't of Prof'l Regulation</u>, No. 94 C 134, 1997 WL 403500, at *6 (N.D. Ill. July 15, 1997) (dismissing plaintiff's § 1983 equal protection claim where there was "no reason to believe that this defect would be cured by granting [plaintiff] leave to file yet another amended complaint" since plaintiff's previous attempts at amending had failed, despite significant guidance from the court). Lindsey's unsupported contention that he can "prove what or what did not happen" is not enough to grant him leave to amend, or to save his claims from dismissal. See <u>Lovelace v. Hradek</u>, No. 83 C 3209, 1987 WL 5691, at *2 (N.D. Ill. Jan. 13, 1987) ("While the rule [that *pro se* complaints be held to a less stringent pleading standard] compels the courts to treat *pro se* pleadings with indulgence, it does not give plaintiff license to file endless amendments.").

### C. The R & R

Although Lindsey did not specifically object to the R & R as required under Local Rule 72.2(b)(1), the Court liberally construes his Motion to Amend as a general objection to the recommendation that Miner's motion to dismiss be granted and that all of his claims be dismissed without prejudice. For the reasons discussed above, Lindsey's Motion to Amend is denied because his proposed amendment is futile and he has repeatedly failed to abide by the procedural rules governing amendment. This leaves Lindsey's claims as they were considered by Judge Rau in the R & R.

"Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). However, an ambiguous pleading is not enough to assert a § 1983 claim against a defendant in anything other than his/her official capacity. See Remington v. Hoopes, 611 F. App'x 883, 885 (8th Cir. 2015). Because § 1983 exposes a defendant to civil liability and damages, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson, 172 F.3d at 535. Here, Lindsey did not expressly assert his § 1983 claims against any of the defendants in their individual capacities.

Two problems may arise where a plaintiff asserts a § 1983 claim against a defendant only in his/her official capacity. First, a § 1983 claim against a state employee in his/her official capacity is really a claim against the state employer. See Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016). However, federal courts lack subject matter jurisdiction, pursuant to the Eleventh Amendment, over claims for damages against a state unless the state consents to being sued. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989) (holding that § 1983 did not alter states' immunity from suit under the Eleventh Amendment). There is no indication here that Minnesota waived its Eleventh Amendment immunity against Lindsey's claims. Thus, to

the extent Lindsey seeks damages for his § 1983 claim(s), the Court lacks subject matter jurisdiction and those claims must be dismissed.[5]

Second, where a § 1983 claim is asserted against a public employee in his/her official capacity, the plaintiff "must plead facts demonstrating that the defendants violated a constitutional right either pursuant to official municipal policy or as part of a custom or usage with the force of law." Kelly, 813 F.3d at 1076 (quotations omitted). Here, Lindsey has not alleged that any of the defendants acted pursuant to any policy or custom when they supposedly violated his constitutional rights. Nor does Lindsey claim any of the defendants had "final authority" over the incidents at issue. See Nix v. Norman, 879 F.2d 429, 433 (8th Cir. 1989) (a plaintiff may establish liability in an official capacity § 1983 suit if he/she can show that the defendant "possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner"). Thus, to the extent Lindsey seeks injunctive or declaratory relief, his claims must still be dismissed because he fails to state a claim for which relief can be granted.

## III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend [Doc. No. 39] is **DENIED**. To the extent that Motion constituted an objection to the Report and Recommendation, that objection is **OVERRULED**.

---

[5] The Eleventh Amendment bars state-law claims against state officials regardless of the type of relief sought. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). To the extent Lindsey asserts state-law claims against the defendants (e.g., defamation and harassment), the Court lacks subject matter jurisdiction and they are dismissed.

2. The Report and Recommendation dated June 21, 2016 [Doc. No. 38] is **ADOPTED IN ITS ENTIRETY**.

3. Defendant Kelli Miner's Motion to Dismiss [Doc. No. 21] is **GRANTED**.

4. Plaintiff's Motion for Default Judgment [Doc. No. 33] is **DENIED AS MOOT**.

5. Plaintiff's claims in his various complaints [Doc Nos. 1, 4, 10] are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 28, 2016                              s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge